UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN HEIBEL,

        Petitioner,        Case No. 1:11-cv-155

v.        Honorable Janet T. Neff

STATE OF MICHIGAN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2254. Petitioner Robert Alan Heibel was on parole when he filed the instant action. In 2009, he pleaded guilty in Muskegon County Circuit Court to violating the Sex Offender Registration Act (SORA), Mich. Comp. Laws § 28.729. Specifically, he failed to change his address on the sex offender registry within ten days after he was released from prison, as required by MICH. COMP. LAWS § 28.725(1). On May 18, 2009, the trial court sentenced him as an habitual offender to imprisonment for thirteen months to fourteen years.

In his *pro se* petition, Petitioner raises four separate grounds for relief, though they are all variations on the same basic claim. In each of his grounds for relief, he states that "[t]he allegations in this case fail to state a felony offense and the plea consequently had no factual basis." (Pet., docket #1, Page ID##5-7, 9.) In Ground I, Petitioner also contends that he was deprived of due process because the "allegations" did not establish a willful violation; at most, he is guilty of a misdemeanor. (*Id.,* Page ID##4-5.) In Ground II, Petitioner asserts that he did not receive "fair

notice" under the Michigan constitution because he was charged with the wrong offense. (*Id.*, Page ID#6.) In Ground III, he asserts that he did not receive "fair and just treatment" under the Michigan constitution. (*Id.*, Page ID#7.) In Ground IV, Petitioner asserts that the charge was "unconstitutional." (*Id.*, Page ID#9.)

Respondent has filed an answer to the petition (docket #10) stating that the grounds should be denied because they are noncognizable state law claims or because they have no merit. In response, Petitioner has filed a motion for summary judgment (docket #23). Upon review and applying the AEDPA standards, I find that Petitioner's claims are meritless. Accordingly, I recommend that the petition be denied.

## Procedural History

### A. State Court Proceedings

The state prosecution arose because Petitioner failed to register his address with the State of Michigan within ten days after January 13, 2009, when he was released on parole. As a convicted sex offender, Petitioner was subject to the registration requirements in SORA, including the following:

> An individual required to be registered under [SORA] shall notify the local law enforcement agency or sheriff's department having jurisdiction where his or her new residence or domicile is located . . . within 10 days after the individual changes or vacates his or her residence [or] domicile . . . .

Mich. Comp. Laws § 28.725(1). According to a parole violation report prepared by the Michigan Department of Corrections, Petitioner was initially approved for placement at the Muskegon Rescue Mission, and upon release he was registered as residing at the mission. On January 14, 2009, Petitioner informed his parole officer that he had found an aunt to live with, and her residence was approved as an alternate placement two days later. On January 20, 2009, Petitioner informed his

parole officer that he would like to live with his cousin at a different location; the latter location was approved for placement on January 23, 2009. In each case, Petitioner was told that he needed to register his address with the sheriff's office. Petitioner failed to do so. On January 28, 2009, a police officer went to the mission to determine whether Petitioner was residing at that location; he learned that Petitioner had never resided at that location. Later that day, Petitioner was taken into custody.

On March 13, 2009, Petitioner was charged with failure to comply with SORA. Specifically, the Felony Information alleged that Petitioner "did willfully violate [SORA] by failing to register his residence within 10 days of being discharged from prison; contrary to MCL 28.729(1)(a)." (Felony Information, docket #17.) The latter provision provides that "an individual required to be registered under this act who wilfully violates this act is guilty of a felony," and if he has no prior convictions for violation of SORA, he is subject to punishment of "imprisonment for not more than 4 years or a fine of not more than $2,000, or both." Mich. Comp. Laws § 28.729(1)(a).[1] Because Petitioner was previously convicted of three other felonies, he was charged as a habitual offender, fourth offense, under Mich. Comp. Laws § 769.12.

At a hearing held in Muskegon County Circuit Court on April 7, 2009, Petitioner pleaded guilty to the charge. (*See* 4/7/2009 Plea Hr'g Tr., docket #14.) Specifically, he testified that he understood the charge and had discussed it with his attorney. (*Id.* at 6.) He also testified that he was previously convicted of three felonies. (*Id.* at 12.) He stated that he was not threatened to plead

---

[1] Section 729(a)(1) is subject to the following exceptions in that the following acts are punishable as a misdemeanor: (1) failure to comply with Mich. Comp. Laws § 28.725a; (2) willful failure to sign a registration, notice, or verification as provided in Mich. Comp. Laws § 28.727(4); and (3) willful refusal or failure to pay the registration fee. Mich. Comp. Laws § 28.729(a)(2)-(4).

guilty and it was his own choice to do so. (*Id.* at 13.) He also understood that by entering his plea, he was waiving all of the rights listed on an "advice of rights form" that he signed. (*Id.*)

With respect to the SORA violation, Petitioner testified that he was living in Muskegon in January 2009, while he was on parole. (*Id.* at 14.) His parole agent approved two addresses given by Petitioner, but Petitioner did not report the addresses to the sheriff to change his address on the sex offender registry, even though his parole agent informed him of this requirement. (*Id.* at 15.) The court accepted the plea.

Sometime thereafter, Petitioner filed a *pro per* motion to withdraw the plea. At his sentencing hearing, however, he withdrew the motion and stated that he would raise any objections on appeal. (5/18/2009 Sentencing Hr'g Tr. 5-6, docket #14.) The Court sentenced him to a prison term of thirteen months to fourteen years. Petitioner subsequently retained new counsel, who filed another motion to withdraw the plea. A hearing on the motion was held on December 22, 2009, and the court denied the motion.

### B.     Direct Appeal

Petitioner appealed the judgment of conviction and sentence as of right to the Michigan Court of Appeals and the Michigan Supreme Court. In his appellate briefs, which were filed by counsel, he raised the following claim:

> DEFENDANT IS NOT GUILTY OF A FELONY UNDER THE APPLICABLE PROVISIONS OF SORA; AT MOST, HE IS GUILTY OF A MISDEMEANOR, AND SEEKS TO WITHDRAW HIS PLEA TO A FELONY OFFENSE OR TO HAVE SAME VACATED.

(*See* Def.-Appellant's Br. on Appeal 5, docket #17.) He asserted the same core issue stated in his application for habeas corpus relief, which is that "the allegations in [the] case fail to state a felony offense and the plea consequently had no factual basis." (*Id.* at 1.) In a one-sentence order entered

on June 23, 2010, the Michigan Court of Appeals denied the appeal "for lack of merit in the grounds presented." *People v. Heibel*, No. 298073 (Mich. Ct. App.). The Michigan Supreme Court entered a similar order on November 22, 2010, stating that it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Heibel*, No. 141514 (Mich.).

Petitioner filed the instant action on or about January 31, 2011.

## **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination

of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington v. Richter*, 131 S. Ct. 770, 784 (2011); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave

to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Richter*, 131 S. Ct. at 785 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## Discussion

### A. Claim I: Inadequate Factual Basis to Support Guilty Plea (Due Process)

Petitioner contends that his conviction violates due process of law because there was an inadequate factual basis to support his guilty plea. Specifically, he claims that he is only guilty of a misdemeanor for failure to register; he is not guilty of a felony offense. This claim is without

merit for several reasons. First, there is no federal constitutional requirement that a court establish an adequate factual basis for a guilty plea. *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). Indeed, "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). As noted by the Supreme Court, a "defendant's decision to plead guilty may have any number" of motivations that are not related to guilt or evidence thereof, including "a prospect of a favorable plea agreement, or the expectation or hope of a lesser sentence" than might be imposed after an unsuccessful trial. *Haring v. Prosise*, 462 U.S. 306, 318 (1983).

In contrast, Michigan law requires a court considering a guilty plea "to establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1); *see People v. Barrows*, 99 N.W.2d 347, 350 (Mich. 1959) (noting that the purpose of the rule is to avoid "involuntary or induced false pleas of guilty and . . . subsequent false claims of innocence"). A violation of state law, however, is not a sufficient basis for relief under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Second, Petitioner waived his right to claim that he is only guilty of a misdemeanor when he pleaded guilty to the commission of a felony. A voluntary plea of guilty constitutes an admission of all the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). To satisfy due process, a guilty plea must be a "voluntary, knowing, intelligent act." *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 257 (6th Cir. 1991) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). "The determination of whether [a] plea was intelligently made depends upon the

particular facts and circumstances of each case. The defendant must at least have a 'sufficient awareness of the relevant circumstances and likely consequences.'" *Id.* (quoting *Brady*, 397 U.S. at 748). Generally, this means that the defendant must be aware of the maximum sentence that may be imposed. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). Further, for the plea to be voluntary, the state may not induce it by "actual or threatened physical harm or by mental coercion overbearing the will of the defendant." *Brady*, 397 U.S. at 750.

Petitioner does not claim that his plea was uninformed or involuntary, and the record indicates that it was both informed and voluntary. At his plea hearing, the court informed Petitioner that he was charged with committing a felony and that, with three prior felonies, his maximum sentence could be as high as 15 years. (Plea Hr'g Tr. 4, 6, docket #13.) Petitioner also testified that he was not threatened to plead guilty and that it was his free choice to enter his plea. (*Id.* at 13.) Consequently, because he voluntarily and intelligently pleaded guilty to a felony, he cannot now claim that he should have been charged with some other offense.

### B. Claim II: Deprivation of "fair notice" under the Michigan constitution

Petitioner's second claim asserts that he was deprived of "fair notice" under the Michigan constitution because he was charged with the wrong offense under the statute, and the allegations in the case do not establish a felony offense with regard to the element of willfulness. Petitioner's contention that his conviction violates the Michigan constitution raises an issue of state law that is not cognizable in these proceedings. *See Estelle*, 502 U.S. at 67-68. Similarly, to the extent Petitioner challenges the state court's application of its own statute, or contends that another section should apply, he raises a non-cognizable issue of state law. In addition, to the extent

Petitioner claims that he was deprived of fair notice as required by the United States Constitution, his claim is without merit for the reasons stated in Section D, *infra*.

### C. Claim III: Deprivation of "fair and just" treatment under the Michigan constitution

Petitioner's third claim contends that his conviction violates the Michigan constitution because it is not fair and just: the allegations of the case do not state a felony offense and do not support the plea. Like his second claim, his third claim is meritless and asserts a non-cognizable issue of state law.

### D. Claim IV: Unconstitutional Charge

Finally, Petitioner asserts that the charge was "unconstitutional" because the Felony Information indicated that he failed to register his residence within ten days of being discharged from prison, without citing a specific statutory provision to support the charge. (Pet., docket #1, Page ID#9.) On appeal, Petitioner argued that the Felony Information is "confusing" because it cited the penalty provision of SORA, Mich. Comp. Laws § 28.729, instead of the specific statutory section that he allegedly violated. (Def.-Appellant's Br. on Appeal 5 & n.1, docket #17.) He also argued that he should have been charged with a misdemeanor under Mich. Comp. Laws § 28.725a, rather than a felony under Mich. Comp. Laws § 28.725(1).

The Sixth Amendment guarantees a criminal defendant a right to be clearly informed of the nature and cause of the charges against him in order that he may prepare a defense. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul*,

843 F.2d 918, 930 (6th Cir. 1988) (quoting *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984)). A complaint or indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).

The record indicates that Petitioner had fair notice of the charges against him. The Felony Information expressly charged Petitioner with a felony (not a misdemeanor), it described the crime (a willful violation of SORA by failure to register his residence within 10 days of release), and Petitioner himself testified at the plea hearing that he understood the charge against him and the consequences of entering a guilty plea. Consequently, his claim that he did not have fair notice of the charges is without merit.

In summary, Petitioner has not shown that the state court's denial of his appeal was contrary to, or an unreasonable application of, clearly established federal law.

**Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.

Date: October 7, 2013 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).